[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 28, 2011
JOHN LEY
CLERK

No. 10-13989
Non-Argument Calendar
_____

Agency No. A095-914-322


HERYANTO KUSNADI KWEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 28, 2011)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Heryanto Kusnadi Kwee, a native and citizen of Indonesia, petitions this

Court to review the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals agreed with the findings of the immigration judge that Kwee's application for asylum was untimely and that Kwee had failed to prove that changed or extraordinary circumstances would except him from the one-year deadline or that he was entitled to withholding of removal. We dismiss in part and deny in part Kwee's petition.

We lack jurisdiction to review Kwee's application for asylum. An application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Although an untimely application "may be considered ... if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances . . . or extraordinary circumstances relating to the delay in filing an application," id. § 1158(a)(2)(D), "[n]o court . . . ha[s] jurisdiction to review" that determination, id. § 1158(a)(3). Because section 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien . . . established extraordinary circumstances that would excuse his untimely filing," Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003), we dismiss that part of Kwee's petition challenging the finding that his application for asylum was untimely.

2

Substantial evidence supports the decision to deny Kwee's application for withholding of removal. Kwee failed to prove that he suffered past persecution or would likely face persecution in Indonesia on account of his Chinese heritage or his Christian faith. Kwee testified that he was frightened when indigenous Indonesians rioted and destroyed stores owned by Chinese residents in 1998, but neither Kwee nor his family were harmed. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) ("'[P]ersecution' is an 'extreme concept,' requiring 'more than . . . intimidation.'"). Kwee argues that his testimony about being beaten severely and robbed by fellow teenage students who referred to him as "Chinese" supports an inference that he was mistreated on account of his race, but his testimony equally supports the inference that Kwee was a victim of an ordinary crime. See Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) ("[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision."). Because Kwee failed to prove that he suffered past persecution, the Board could rely heavily on information in recent reports issued by the State Department about the treatment of Christians and ethnic Chinese in Indonesia. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1354 (11th Cir. 2009). The reports stated that there was a sizable minority of Christians in Indonesia who ordinarily were able to

worship freely and that ethnic Chinese ordinarily were able to work and exercise political freedom, particularly when they, like Kwee, shared Chinese and Indonesian ancestry and assimilated easily into Indonesian culture.

We **DISMISS** the petition for review of the denial of asylum and **DENY** the petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART**.